**UNITED STATES of America,
Appellee,**

v.

**Wayne C. MORGAN, Defendant–
Appellant.**

No. 05–6030–CR.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2006.

Norman Trabulus, Garden City, NY, for
Appellant.

Deirdre A. McEvoy, Assistant United
States Attorney (Michael J. Garcia, United
States Attorney for the Southern District
of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief),
New York, NY, for Appellee.

Present DENNIS JACOBS, Chief
Judge, AMALYA L. KEARSE, SONIA
SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant Wayne C. Morgan appeals from an October 28, 2005 final order of the United States District Court for the Southern District of New York (Griesa, *J.*) declining to resentence Morgan.

We assume the parties' familiarity with the facts, procedural history, and issues presented for review. In brief, Morgan was convicted for being found in the United States after deportation and was sentenced to 74 months imprisonment. On appeal before this Court, the district court's judgment was affirmed. *See United States v. Morgan,* 380 F.3d 698 (2d Cir.2004). However, pursuant to this Court's opinion in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), the case was remanded to the district court for further proceedings to determine whether a resentencing was necessary in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

At the original sentencing, it was recognized that part of the sentence (then estimated at 40 months) would be served concurrently with a state sentence Morgan was serving at that time. On *Crosby* remand, Morgan argued he should be resentenced because he was released from state custody 32 months earlier than Morgan's counsel at sentencing had mistakenly predicted. As a result, the period of his federal sentence that would be served in federal custody beyond his state release date increased significantly although his final release date from federal custody would remain the same. Morgan argued to the district court that it would have given him a lesser sentence had it known at the original sentencing that the state sentence would be abbreviated. The district court declined to resentence Morgan.

This Court reviews both the sentence imposed and the procedures employed by the district court for reasonableness. *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). Reasonableness review "does not entail the substitution of our judgment for that of the sentencing judge" but rather "is akin to review for abuse of discretion." *Id.* at 27.

To discharge its responsibility under *Booker,* a sentencing court must evaluate the available sentences under the advisory Guidelines and the factors set forth in 18 U.S.C. § 3553(a), and then decide whether to impose a Guidelines or non-Guidelines sentence. *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005). A district court reviewing its own pre-*Booker* sentence on a *Crosby* remand must determine whether "the original sentence would have been nontrivially different under the post-*Booker/Fanfan* regime . . . . based on the circumstances at the time of the original sentence," and then the district court must decide whether to resentence "with an appropriate explanation" on record. *Id.* at 119–20.

Morgan argues that in declining to resentence him notwithstanding the factual mistake, the district court failed to give an "appropriate explanation" consistent with its original sentencing rationale.

We express no opinion as to whether the "appropriate explanation" called for by *Crosby* must track (or replicate) the reasoning that underlay the original sentence, but it seems clear that strict compliance with such a rule could be difficult given the nature and purpose of a *Crosby* remand:

> [C]omparative sentence review will frequently require expansion of the record, so that the parties can present aggrava-

ting and mitigating circumstances that existed at the time of the original sentence but were not available for consideration under the mandatory Guidelines regime. A district court can develop such a record and, where necessary, conduct hearings to resolve factual disputes; an appellate court cannot.

*United States v. Garcia,* 413 F.3d 201, 227 (2d Cir.2005) (citation and quotations omitted).

 In any case, Judge Griesa's explanation was appropriate and consistent with the original sentencing rationale. The record does not indicate that the district court had ever tied the length of Morgan's sentence to his anticipated release date from state custody. On the contrary, when Morgan complained that the government had excessively delayed prosecution, the district court explicitly declined to exercise its discretion to reduce Morgan's sentence based upon the resultant loss of opportunity to serve federal and state time concurrently. The district court did note its assumption that Morgan would be released on the date the parties specified, but only for the purpose of expressing its wish that the federal offense "even if it's concurrent, will add something of substance to the state sentence which I believe is appropriate." If anything, this language implies that the district court would have *augmented* Morgan's sentence if it believed a 74 month sentence would not add anything of substance to the state sentence.

Morgan's sentence itself was at the low end of the Guidelines range for the offense, and while no presumption of reasonableness applies to sentences within the guidelines range, *Fernandez,* 443 F.3d at 27, the record reflects that the court carefully considered the circumstances existing at the time of Morgan's sentencing before it decided against resentencing. We cannot say that the district court used

unreasonable procedures to arrive at its decision, or that the sentence was unreasonably long in light of Morgan's criminal history.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**